23 C.C.P.A.(Patents)

### In re PALM et al.

Patent Appeals No. 3629.

Court of Customs and Patent Appeals.
June 1, 1936.

Fay, Oberlin & Fay, of Cleveland, Ohio (William R. Day, of Cleveland, Ohio, of counsel), for appellants.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This appeal brings before us for review a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner rejecting claims 1 to 8, inclusive, of appellant's application for a patent upon the ground that said claims lacked patentability in view of the cited prior art. All of the claims are article claims.

Claims 1 and 7 are illustrative of the claims in issue and read as follows:

"1. As a new article of manufacture, a composite metal strip composed of a layer of relatively hard metal and a layer of softer metal integrally bonded thereonto, said strip having the outer surfaces of said two layers in a uniform predetermined relation.

"7. As a new article of manufacture, a composite metal strip for bearings composed of a layer of relatively hard metal and a layer of cast softer metal bonded integrally thereonto, said layer of hard metal being irregular in contour and the surface of said softer metal being similarly and complimentarily irregular but with the over-all thickness of said composite strip being uniform throughout its area, and the grain structure of said cast softer metal being in substantially as-cast condition."

The references relied on are: Palm, 1,-729,747, October 1, 1929; Gunthard, 1,-756,739, April 29, 1930.

The alleged invention relates to a bimetallic strip composed of a layer of relatively hard metal, such as steel, and a layer of softer metal, such as bearing or other metal, the latter being applied in molten state to the first, and the layers being bonded together, said strip having a uniform over-all thickness. The article is intended for fabrication into bearings.

The application discloses an element contained in claims 3, 4, 7, and 8 that is not found in the other claims, viz., that the layer of hard metal is irregular in contour, and that the surface of the softer metal is similarly and complementarily irregular in contour.

The patent to Palm, 1,729,747, relates to a method of bonding dissimilar metals. The bonding of the metals is, however, mechanical and they are not integrally bonded, as called for by the claims in issue.

The patent to Gunthard, 1,756,739, relates to apparatus for applying a soft metal surfacing to hard metal plates. The product is an integrally bonded strip. The patentee states:

" * * * Immediately prior to reaching the point where the plate is cooled by the cooling means 15, a doctor plate or scraper 19 is disposed for smoothing the same off to a uniform thickness or depth. * * * If desired, the upper surface of the coating B may be further subjected to a smoothing action by a rotary cutter or cutters 20 provided for the purpose. * * *"

The Examiner rejected all of the claims upon the patent to Gunthard, and also rejected claims 1 to 4, inclusive, as not patentable over the patent to Palm. The

Board of Appeals affirmed the decision of the Examiner for the reasons stated by him, and also stated:

"We note that appellants filed another application for the process and in our opinion if their contribution involves patentability, it is in the process rather than the product. Certainly no one desires an irregular strip, and this is merely one of the defects resulting from the manner of producing the article. Obviously, a strip such as specified in above-copied claim 7 cannot be superior in any way to one which is not irregular and in which both layers are of uniform thickness. It is our opinion that an inventor of a patentable process is not entitled to a patent on the product merely because certain incidental characteristics, which are without utility, appear in that product."

We are clear that claims 1, 2, 5, and 6 read directly upon the patent to Gunthard, and were properly rejected for that reason.

With respect to claims 3, 4, 7, and 8, which, as hereinbefore noted, recite as an element that the layer of hard metal is irregular in contour and that the surface of the soft metal is similarly and complementarily irregular in contour, we are of the opinion that this element does not lend patentability to said claims in view of the patent to Gunthard.

Upon this point the Examiner stated, with respect to claim 4, as follows:

"Claim 4 requires that the layer of hard metal have its 'original irregularly contoured outer surface'. The word 'original' adds nothing patentable to the claim, since it cannot be told by examining the finished strip whether the outer surface was originally irregular or was made so later in the process. All that claim 4 requires is that the composite strip of Gunthard should be bent. The product resulting from such bending will be reasonably uniform in gauge, and will have the hard and soft metal layers with an irregular contour. Such bending step is obviously not invention. Claim 3 also reads on the composite strip of Gunthard bent into any desired shape."

We are in accord with the foregoing statement, and said statement is likewise applicable to similar elements in claims 7 and 8. An examination of this group of claims will disclose that there is nothing stated therein which is not true of the strip of Gunthard when, as stated by the Examiner, said strip is "bent into any desired shape."

In view of our agreement with the Examiner with respect to these claims, it is unnecessary for us to consider the matter set out in the above quotation from the decision of the Board of Appeals.

In our opinion all of the claims before us were properly rejected as unpatentable in view of the patent to Gunthard, and the decision of the Board of Appeals is affirmed.

Affirmed.